The Honorable Michael K. Davis State Representative 15232 Highway 90 West Ravenden Springs, AR 72460
Dear Representative Davis:
This is in response to your request for an opinion as to whether a city employee for a city of the first class can serve as both Municipal Court Clerk and City Clerk-Treasurer and draw retirement benefits from both positions.
With regard to one individual serving in both of these positions, authority is found in A.C.A. § 16-17-211(g) (Repl. 1994), which states:
 When the duties of the office of municipal court clerk do not require a full-time employee, the city council may require that the duties of the clerk be performed by any other officer of the city.
With regard to retirement benefits, it appears that this question will require reference to the particular Code provision(s) that would otherwise apply to the municipal court clerk position in this instance. Assuming that the Clerk-Treasurer is performing the duties of the Municipal Court Clerk in accordance with A.C.A. § 16-17-211(g), supra, it must be concluded that retirement benefits from the municipal court clerk position are not available under those provisions which apply to clerks who are appointed by the judges of the court. See, e.g., A.C.A. §§24-8-311 and -404 (Repl. 1992). I lack sufficient information, however, to assess the potential applicability of another retirement provision. The provisions of the municipal section of the Arkansas Public Employees' Retirement System ("PERS") should, for instance, be considered. See
A.C.A. § 24-4-303 (Repl. 1992). This office has previously noted that the payment of two separate salaries to the person serving as City Clerk and Municipal Court Clerk is supported by the legislative history of A.C.A. § 16-17-211. See Op. Att'y Gen. 95-015, citing Op. Att'y Gen. 94-248. The possible applicability of retirement benefits under PERS should therefore be noted.
It is apparent that the question of retirement benefits raises factual issues that cannot be resolved in the context of an Attorney General Opinion. The foregoing observations will, however, hopefully offer guidance in resolving the matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh